IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHILIP L. NEAL,  )
         Plaintiff,  )
 )
vs.  ) Civil Action No. 11-1317
 ) Magistrate Judge Maureen P. Kelly
WASHINGTON COUNTY OFFICE OF  )
PUBLIC DEFENDER,  )
         Defendant.  )

## **OPINION AND ORDER**

Plaintiff Philip L. Neal ("Plaintiff"), an inmate awaiting trial at the Washington County Correctional Facility, has brought this civil rights action against the Washington County Office of Public Defender ("Defendant"), pursuant to 42 U.S.C § 1983, alleging that Defendant negligently represented him in certain pretrial criminal proceedings held in the Court of Common Pleas of Washington County, Pennsylvania.[1]

On October 17, 2011, Plaintiff submitted a Motion for Leave to Proceed *in forma pauperis* ("IFP"), along with a Complaint. ECF No. 1. In the Complaint, Plaintiff alleges that Charles Carpinelli, Esquire, of the Washington County Public Defender's Office, sent him a letter in January of 2010, stating that he would be representing Plaintiff in his upcoming criminal proceedings. ECF No. 8 ¶ 6. Plaintiff contends that he did not hear from Mr. Carpinelli again until February 3, 2011, when he received an almost identical letter. ECF. No. 8 ¶ 7. Plaintiff responded, requesting that Mr. Carpinelli file certain pre-trial motions. Mr. Carpinelli

---

[1] The Court takes judicial notice of the fact that on July 30, 2009, Plaintiff was arrested and charged with one count of attempted homicide, 18 Pa. C.S. § 901; two counts of aggravated assault, 18 Pa. C.S. § 2702; two counts of simple assault, 18 Pa. C.S. § 2701; and two counts of recklessly endangering another person, 18 Pa. C.S. § 2705. See http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-63-CR-0001875-2009. One week earlier, Plaintiff was arrested and charged with one count of simple assault, 18 Pa. C.S. § 2701, and one count of terroristic threats, 18 Pa. C.S. §2706. See http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-63-CR-0001772-2009. The cases were waived for court on August 12, 2009, and July 30, 2009, respectively, and both are scheduled for trial on January 6, 2012.

1

subsequently contacted Plaintiff asking that he provide the names, addresses and phone numbers of witnesses that Plaintiff wanted to subpoena. Although Plaintiff responded to Mr. Carpinelli's request, Plaintiff claims he never heard back from Carpinelli despite that fact that he was to appear before Judge John Disalli on February 28, 2011. ECF No. 8 ¶¶ 8-11. Plaintiff's hearing was apparently postponed and, according to Plaintiff, "after 8 weeks of waiting for a response from Mr. Carpinelli, [he] terminated Mr. Carpinelli's employment as a result of nondiligence and obvious reconcilable differences . . . ." ECF No. 8 ¶ 11. Plaintiff contends, however, that Mr. Carpinelli's refuses to withdrawal his appearance and that his unprofessional conduct in failing to interview his client or witnesses and in failing to file pretrial motions has denied him due process under the Fourteenth Amendment and the guarantee of assistance of counsel under the Sixth Amendment. ECF No. 8 ¶¶ 15, 16.

Plaintiff was granted leave to proceed IFP on December 8, 2011, and the Complaint was duly filed on that same date. ECF Nos. 6, 8. For the reasons set forth herein, however, Plaintiff's Complaint fails to state a claim on which relief can be granted and is properly dismissed.

**A.    APPLICABLE LEGAL STANDARD**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of often frivolous and harassing lawsuits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding IFP. The amended statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Moreover, in applying the PLRA, not only is a court permitted to *sua sponte* dismiss a complaint that fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n. 2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating *sua sponte* dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim"); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

In the instant case, Plaintiff has been granted IFP status, and is a prisoner within the meaning of 28 U.S.C. § 1915.[2] Section 1915(e)(2) therefore applies and requires the Court to review Plaintiff's Complaint to determine if it fails to state a claim upon which relief can be granted. In so doing, the Court must apply the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1997), aff'd, 116 F.3d 473 (4th Cir. 1997) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief

---

[2] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

could be granted.' This is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)").

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations; rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

**B.     DISCUSSION**

**Defense Counsel Do Not Act Under Color of Law**.

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983. In order to establish a cause of action under Section 1983, a plaintiff must allege: 1) that there was a person acting

4

under color of state law; 2) whose actions under color of state law caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Plaintiff fails to state a claim against the Washington County Public Defender's Office, because an attorney's actions in the course of representing a defendant are not acts committed under color of state law as is required to state a claim under Section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980).

In Polk County, a convict sued his public-defender-appellate counsel who moved to withdraw as appellate counsel because the public defender concluded that an appeal would be frivolous. The convict sued the public defender under Section 1983, claiming that her actions in moving to withdraw violated his right to counsel and, in failing to zealously advocate on his behalf, subjected him to cruel and unusual punishment and denied him due process of law. Id. at 315. Noting that to sustain a Section 1983 cause of action, it is necessary that the complaint reveal that the defendant acted under color of state law, the court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Because it was based on such activities, the complaint against Shepard [the public defender] must be dismissed." Id. at 325.

Here, as previously discussed, Plaintiff complains of Mr. Carpinelli's alleged negligence in his representation of Plaintiff in that he failed to interview him or any witnesses and failed to file pretrial motions. The Complaint therefore is premised upon Mr. Carpinelli's actions or inactions in connection with performing a lawyer's traditional functions as counsel to a defendant facing criminal charges. Thus, Plaintiff's claims fall squarely under Polk County and

precludes a finding that Carpinelli was acting "under color of state law." See, e.g., Smith v. Haith, 978 F.2d 1261 (Table), 1992 WL 311787, at *5 (7th Cir. 1992) ("This principle [i.e., public defenders are not state actors] was applied in *Cornes v. Munoz*, 724 F.2d 61 (7th Cir. 1983), where a claim that a public defender was guilty of legal malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action 'under color of state law'"). Indeed, even accusations of malfeasance[3] in the course of representing a criminal defendant, are not enough to render the actions of a criminal defendant's attorney cognizable in a Section 1983 suit. See e.g., Ponchik v. Kloak, No. 89 C 7319, 1989 WL 134683, at *1 (N.D. Ill. Oct. 19, 1989) ("Consequently [plaintiff-] Ponchik's allegations of malfeasance on [Attorney] Kloak's part do not give rise to a claim cognizable under this Court's federal-question jurisdiction."). Because the complaint fails to allege a cause of action under Section 1983 against Defendant, the Complaint is properly dismissed.

## **ORDER**

AND NOW, this 13th day of December, 2011, IT IS HEREBY ORDERED that the Complaint, ECF No. 8, is dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

---

[3] Malfeasance is defined as "Evil doing, ill conduct. The commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful. . . ." Black's Law Dictionary 862 (5th ed. 1979).

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the plaintiff desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Fed. R. App. P. 3.

BY THE COURT,

/s/ Maureen P. Kelly
United States Magistrate Judge

cc: Philip L. Neal
4-W
100 West Cherry Ave.
Washington, PA 15301